IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MONICA GOSSER, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> COMPUTER SCIENCES § <br> CORPORATION, § <br> § <br> Defendant. § | CIV. NO. 4:15-CV-00436-O |

**ORDER**

Before the Court are Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 14), filed February 5, 2016; Defendant's Response (ECF No. 19), filed February 11, 2016. Having considered the Motion, the Response, and the applicable law, the Court finds that the Motion should be and is hereby **DENIED**.

I.    BACKGROUND

Plaintiff filed a Motion for Leave to File First Amended Complaint under Federal Rule of Civil Procedure 15(a)(2), arguing that leave should be freely given for Plaintiff to amend the Complaint to include a claim under 42 U.S.C. § 1983 ("§ 1983") and to include additional damages. Mot. Leave Am. 2, ECF No. 22. However, the Court imposed a Scheduling Order to govern the case as it proceeds to trial and the deadline to amend pleadings has passed. Order, June 22, 2015, ECF No. 7. Therefore, the Court applies Federal Rule of Civil Procedure 16 ("Rule 16") to determine if leave to amend is appropriate in this case, and leave is not to be freely given. *Compare* Fed. R. Civ. P. 16 *with* Fed. R. Civ. P. 15. Several deadlines imposed by the Scheduling Order are relevant to

the Rule 16 analysis: (1) the discovery deadline (January 8, 2016); (2) the dispositive motion deadline (February 8, 2016); and (3) the trial date (June 6, 2016).

## II.   LEGAL STANDARD

Rule 16(b) of the Federal Rules of Civil Procedure governs the amendment of pleadings after the deadline given in the Court's scheduling order expires. *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013). After the deadline to amend has passed, the scheduling order may be modified to allow amendment "only for good cause and with the judge's consent." *Id.* (quoting Fed. R. Civ. P. 16(b)(4)). The moving party has the burden of showing "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* The four relevant factors to consider when determining whether good cause exists under Rule 16(b)(4) are: "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos., LLC*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)).

## III.   ANALYSIS

The Court considers the four *Squyres* factors to determine if Plaintiff has shown good cause to amend the complaint. Plaintiff explains that: "Plaintiff has become aware of additional information in three depositions and additional documents provided in discovery at the depositions taken on January 29, 2016." Mot. Am., ECF No. 14. Defendant responds that the new facts were

2

in Plaintiff's knowledge before the deadline to amend passed. According to Defendant, if Plaintiff is permitted to amend, additional discovery will be necessary and Defendant will need to amend its dispositive motion. Resp., ECF No. 19.

The Court finds that Plaintiff has not carried the burden to show that good cause exists to amend the Scheduling Order and allow amendment. Plaintiff has not addressed the importance of the modification to the scheduling order. Moreover, the deposition that provided Plaintiff with additional information was taken after the discovery deadline had passed.[1] Thus, Plaintiff has not shown that the pleading-amendment deadline could not be met despite her diligence.

IV.    CONCLUSION

Having considered the motion, the Court finds that it should be and is hereby **DENIED**.

**SO ORDERED** on this **13th day** of **February, 2016.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[1] The parties filed a joint motion to extend motion to extend all pretrial deadlines (ECF No. 9) but the motion was denied by the Court in an order dated December 10, 2015. The parties' Joint Mediation Report purporting to extend the discovery deadline did not alter the Scheduling Order entered by the Court. The Court further notes that the parties have not complied with their mediation obligations.